IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MALLORI LEE MOSS,
    Petitioner,

vs.                                       Case No.: 4:18cv470/WS/EMT

UNITED STATES OF AMERICA,
    Respondent.
_____/

## **REPORT AND RECOMMENDATION**

Petitioner Mallori Lee Moss ("Moss"), an inmate of the federal Bureau of Prisons ("BOP") proceeding pro se, commenced this case in the United States District Court for the Eastern District of Texas by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1). The federal court for the Eastern District of Texas transferred the petition to this court on October 16, 2018 (ECF No. 8).

On December 14, 2018, Respondent filed a Motion to Dismiss Petition or Transfer Venue (ECF No. 14). The court provided Petitioner an opportunity to respond to the motion (*see* ECF No. 15), but Petitioner has not done so.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).

After careful consideration of the parties' pleadings, it is apparent that this case should be transferred to the United States District Court for the Northern District of Alabama.

I.   BACKGROUND AND PROCEDURAL HISTORY

On February 5, 2013, Moss was arrested by local authorities in Dallas County, Texas, Case Nos. F13-15082-N, F13-15084N, and F13-15085N, on charges of forgery, fraud, and evading arrest (ECF No. 14 at 2, Ex. 1, Declaration of Robert Jennings ¶ 4 and Attachment 1). Moss spent three days in jail and was released on bond on February 8, 2013 (Jennings Decl. ¶¶ 4–5). On December 11, 2013, Moss was sentenced to a deferred adjudication on the charges in Case Nos. F13-15082-N, F13-15084N, and F13-15085N, and never served a sentence of incarceration for those charges (Jennings Decl. ¶ 4).

On February 7, 2013, Moss was charged by state authorities in Tarrant County, Texas, Case No. 1313963D, with an Accident Involving Injury (Jennings Decl. ¶ 5 and Attachment 2). Moss was released on bond on February 8, 2013 (*id.*). On September 26, 2013, Moss was placed on community supervision for a period of two years (*id.*).

On September 24, 2013, Moss was arrested by local authorities in Dallas County, Texas, Case Nos. M14-40681 and M13-42628, on charges of possession of a controlled substance and theft, respectively (Jennings Decl. ¶ 6 and Attachment 3).

Moss was released on bond the following day (*id.*). On January 25, 2014, Moss was arrested by the same authorities for failure to identify as a fugitive and for criminal trespass, Case Nos. M14-40325 and M14-40326, respectively (Jennings Decl. ¶ 8 and Attachment 3). On January 22, 2016, Moss was sentenced on all four cases to ninety days of confinement, with credit for 108 days of time served, from October 7, 2015 to January 22, 2016 (*id.*).

On November 22, 2013, Moss was again arrested by local authorities in Dallas County, Texas, Case No. F13-25614, on charges of theft (Jennings Decl. ¶ 7 and Attachment 4). On January 15, 2016, Moss was sentenced to one year of imprisonment in the Texas Department of Criminal Justice ("TDCJ"). The court granted Moss credit for 163 days of time served, from November 22, 2013 to December 11, 2013, from July 29, 2014 to September 8, 2014, and from October 7, 2015 to January 15, 2016 (*id.*).

On January 29, 2014, Moss was arrested by local authorities in Rockwall County, Texas, Case No. 2-14-36, for fraudulent use/possession of less than five items of identifying information (Jennings Decl. ¶ 10 and Attachment 6). On March 20, 2014, Moss was sentenced to fifty-two days of confinement, with credit for time served, and released to the Tarrant County Sheriff's Department (*id.*).

On March 26, 2014, Moss was released into the custody of the Tarrant County Sheriff's Department. She was charged with credit card abuse in Case No. 1357296D, and violation of community supervision in Case No. 1313963D (Jennings Decl. ¶ 11 and Attachment 2). On June 27, 2014, Moss was sentenced in both cases to eight months in the TDCJ, with credit for time served from February 5, 2013 to February 8, 2013, and from January 25, 2014 through June 27, 2014 (*id.*). On July 9, 2014, Moss was transferred to the TDCJ (*id.*). The sentence expired on September 21, 2014 (*id.*).

While Moss was serving her state sentence, she and fifteen other defendants were charged in the United States District Court for the Eastern District of Texas, Sherman Division, in Case No. 4:14-cr-136, with one count of conspiracy to commit bank fraud (Count 1) and seventy-five counts of aggravated identity theft (Counts 2 through 76) (Jennings Decl. ¶ 12 and Attachment 7). On September 8, 2014, prior to expiration of her state sentence, the United States Marshals Service ("USMS") assumed temporary custody of Moss pursuant to a writ of habeas corpus ad prosequendum (Jennings Decl. ¶ 13 and Attachment 8). Moss pleaded guilty to Counts 1 and 64 (Jennings Decl. ¶ 14 and Attachment 7). On August 31, 2015, the federal court sentenced Moss to forty-one months in the BOP on Count 1 (*id.*). The federal court ordered the sentence on Count 1 to run concurrently with any future

sentence imposed for state Case No. F13-25614 (Jennings Decl. ¶ 15 and Attachment 7). The court ordered Count 1 to run concurrently with the undischarged sentences in state Case Nos. F13-15085, F13-15084, and Fl3-15082 (*id.*). The court also ordered Count 1 to run consecutively to any future sentence imposed in state Case Nos. M14-40681, MB-42628, M14-40326, and M14-40325 (*id.*). With respect to Count 64, the court sentenced Moss to twenty-four months in the BOP, to run consecutively to all other sentences (Jennings Decl. ¶ 16 and Attachment 7).

On October 7, 2015, the USMS returned Moss to the custody of the State of Texas (Jennings Decl. ¶ 17 and Attachment 8).

Moss entered BOP custody on June 21, 2016 (Jennings Decl. ¶ 18 and Attachment 9).

On August 1, 2016, Moss filed a motion for appointment of counsel in her federal criminal case in the Eastern District of Texas, Case No. 4:14-cr-136, stating she believed she was entitled to credit on her federal sentence for time spent in state custody from January 27, 2014 to September 22, 2014, and from October 7, 2015 to May 25, 2016 (ECF No. 14 at 4, Exhibit 4). The federal court construed Moss' motion as a motion for clarification of her sentence (*see* ECF No. 14 at 4–5, Exhibit 4). On September 2, 2016, the court issued an order denying Moss' motion to the

extent she sought additional sentence credit, but granted the motion to the extent the court's order clarified her sentence (*id.*).

On April 4, 2017, Moss filed a habeas petition under § 2241 in the federal court for the Eastern District of Texas, Case No. 4:17-cv-300 (ECF No. 14 at 5, Exhibit 5). Moss sought credit on her federal sentence for the period January 27, 2014 to September 21, 2014 (*id.*).  Moss was housed at a BOP facility in Aliceville, Alabama at the time she filed the petition (*see id.*).  On May 24, 2017, the Eastern District of Texas transferred the petition to the federal court for the Northern District of Alabama (ECF No. 14 at 5, Exhibit 6).  The Northern District of Alabama assigned Case No. 7:17-cv-872-RDP-JEO (*see id.*).  The Government filed a response on behalf of Respondent Warden Upton (*see* ECF No. 14 at 6).[1]  The habeas action is still pending in the Northern District of Alabama (*see id.*).

On June 26, 2018, Moss filed another § 2241 petition in the federal court for the Eastern District of Texas, Case No. 4:18cv-497 (ECF No. 1).  Moss named the United States of America as Respondent, and sought credit on her federal sentence for the period January 29, 2014 to September 8, 2014 (*see id.* at 1).  Moss was housed at

---

[1] Respondent Upton was the warden of the federal medical center in Fort Worth, Texas, where Moss was housed at the time she <u>drafted</u> her § 2241 petition, but by the time Moss actually <u>filed</u> the petition, she had been transferred to the federal facility in Aliceville, Alabama (*see* ECF No. 14, Ex. 6).

Case No.: 4:18cv470/WS/EMT

the federal correctional institution in Tallahassee, Florida at the time she filed the petition (*see id.*, attached envelope). On October 16, 2018, a magistrate judge in the Eastern District of Texas transferred the petition to this federal court (ECF No. 8).

The Government has now filed a motion to dismiss or transfer venue, pursuant to the "first-to-file" rule (ECF No. 14 at 7–10). Moss has not opposed the motion.

II. DISCUSSION

The Eleventh Circuit follows the first-to-file rule, and "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit." Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005); *see also* Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa., 713 F.3d 71, 78 (11th Cir. 2013) ("The first-filed rule provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case."). The first-to-file rule was developed because "[c]ompeting lawsuits involving the same parties and the same issues in separate jurisdictions waste judicial resources and can lead to conflicting results." In re Checking Account Overdraft Litig., 859 F. Supp. 2d 1313, 1324 (S.D. Fla. 2012). "Applying the first-to-file rule requires evaluation of three factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." Chapman v. Progressive

Am. Ins. Co., No. 3:17cv102/MCR/CJK, 2017 WL 3124186, at *1 (N.D. Fla. July 24, 2017) (internal quotation marks and citations omitted).

If the court finds that the first-to-file rule applies, the court must then determine whether the party objecting to jurisdiction in the first-filed forum has met its burden of demonstrating that "compelling circumstances" support an exception to the rule. *See* Chapman, 2017 WL 3124186, at *1 (quoting Manuel, 430 F.3d at 1135); *see also* Belacon Pallet Servs, LLC v. Amerifreight, Inc., No. 1:15cv191/MW/GRJ 2016 WL 8999936, at *3–4 (N.D. Fla. Mar. 26, 2016). "Compelling circumstances include bad faith negotiations, an anticipatory suit, and forum shopping." *See* Belacon Pallet Servs, LLC, 2016 WL 8999936, at *4 (citation omitted).

Here, the first factor of the first-to-file rule is satisfied, because it is undisputed that Moss' habeas petition pending in the Northern District of Alabama was filed more than one year prior to this habeas case. The second factor is also satisfied, because the parties in both habeas cases are similar. Although Moss' first habeas petition named the warden of a BOP facility as the respondent, and the instant petition names the United States, the responding entity in both cases is the BOP. The third factor is satisfied, because the issues involved in both cases are nearly identical. In the habeas petition filed in the Northern District of Alabama, Moss seeks credit on her federal sentence for the period January 27, 2014 to September 21, 2014; and in the instant

case, Moss seeks credit on her federal sentence for the period January 29, 2014 to September 8, 2014.

Having found that the first-to-file rule applies, the court must next consider whether Moss has shown "compelling circumstances" that warrant an exception to the rule. Moss has not alleged, let alone carried her burden of demonstrating, that compelling circumstances warrant an exception to the first-to-file rule. Further, as the Government points out, requiring it to respond to the merits of the issue presented in the instant case would defeat the purpose of the first-to-file rule. The Government has already filed a response to the sentence credit issue in the first-filed habeas case (i.e., the Northern District of Alabama case). Requiring the Government to respond again, and using the judicial resources of two federal courts to resolve the same issue, would be a waste of resources.

In sum, the chronology of the two actions, the similarity of the parties, and the similarity of the issues all support conservation of judicial and litigant resources by transferring this case to the Northern District of Alabama.

Accordingly, it is respectfully, **RECOMMENDED**:

That the clerk of court be directed to transfer this case to the United States District Court for the Northern District of Alabama.

At Pensacola, Florida, this 25th day of January 2019.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**